IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | 2:15cr216 |
| v. | ) | 2:14cr16 |
| | ) | **Electronic Filing** |
| **ROBERT SCHATZMAN** | ) | |

## MEMORANDUM ORDER

AND NOW, this 4th day of December, 2015, upon due consideration of defendant's objections to the Presentence Investigation Report, IT IS ORDERED that the objections be, and the same hereby are, overruled.

Defendant does not dispute that he engaged in the conspiratorial conduct leading to the guilty plea to the lesser-included-offense at count one of 2:14cr16; he likewise does not dispute that he possessed the handgun underlying his guilty plea at 2:15cr216. And he cannot dispute the content of the captured recordings involving his conversations with co-defendant Frederick Mack where he discussed bringing the firearm over as collateral and receiving heroin until he could pay for it.

At the very minimum, defendant possessed the handgun during the conspiracy and on September 26, 2013, he planned on and took affirmative action to procure heroin from the operation of that conspiracy through the use of the handgun as collateral for payment. Even looking beyond the advancement of the conspiracy's objective, at that moment defendant possessed the firearm in connection with the contemplated purchase of heroin, which under Pennsylvania law would subject the offender to a maximum sentence of 3 years. See 35 P. S. §§ 780-113(a)(19) and (b). The presence of this *mens rea* and *actus reas* support the 4 level specific offense characteristic increase for possessing "any firearm . . . in connection with another felony" under U.S.S.G. § 2k2.1(b)(6)(B) because defendant possessed the handgun for the purpose of facilitating the contemplated unlawful possession of heroin. See United States v.

West, 643 F.3d 102, 115 (3d Cir. 2011) (4 level increase under § 2K2.1(b)(6) is applicable where the defendant possessed a gun for the purpose of facilitating his or her felony possession of narcotics); see also Application Note 14 to U.S.S.G. § 2K2.1 (Subsections (b)(6)(B) and (c)(1) apply if the firearm or ammunition facilitated, *or had the potential to facilitate,* another felony offense, or another offense, respectively) (emphasis added). Accordingly, defendant's objections properly have been overruled.

        s/David Stewart Cercone
        David Stewart Cercone
        United States District Judge

cc:    Troy Rivetti, Esquire
       Jonathan B. Ortiz, Esquire
       Michael E. Moser, Esquire

       (*Via CM/ECF Electronic Mail*)